ORDERED.

Dated: May 30, 2012

*Eileen W. Hollowell*, Bankruptcy Judge



Ross K. Meiners, Esq., #26064
**MEINERS LAW OFFICE, PLC.**
2 E. Congress St., Suite 900
Tucson, Arizona 85701
Tel. (520) 777-2198
Fax (520) 202-7317
ross@meinerslaw.com

**Attorney for Debtors**

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

KEVIN ANDREW NICHOLS and
ANNA MICHELLE MCCALLISTER-
NICHOLS,

Debtors.

In proceedings under
Chapter 13

No. 4:11-bk-05365 EWH

**ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

The Debtors' Plan filed on March 3, 2011, having been transmitted to the Creditors; and it having been determined after notice and opportunity for objection that:

1. The Plan complies with the provisions of this Chapter and with other applicable provisions of this title;

2. Any fee, charge, or amount required under 28 U.S.C. Chapter 123 or by the Plan, to be paid before confirmation, has been paid;

3. The Plan has been proposed in good faith and not by any means forbidden by law;

4. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than that amount that would be paid on such claim if the estate of the Debtors' was liquidated under 11 U.S.C. Chapter 7 on such date. The Plan accommodates payments to the unsecured creditors at pro rata of the amount due.

5. Debtors are current on all payments that have come due on any Domestic Support Orders since the filing of their case.

6. Debtors are current on all required tax return filings and shall, within 30 days of filing returns, provide the Trustee copies of their federal and state income tax returns for each year during the duration of the Plan. Debtors shall redact all social security numbers on the copies of the tax forms they send to the Trustee.

7. With respect to each allowed secured claim provided for by the Plan—

   a. The Plan and this Order shall not constitute an informal proof of claim for any creditor;

   b. The holder of such claim has accepted the Plan;

      i. The Plan provides the holder of such claim retain the lien securing such claim; and

      ii. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or

   c. The Debtors surrender the property securing such claims to such holder; and

8. The Debtors will be able to make all payments under the Plan and to comply with the Plan;

9. 
   a. Creditor, **TUCSON FEDERAL CREDIT UNION/LOANCARE**, secured by Debtors' residence, is to receive regular monthly payments outside of the Plan, directly from Debtors, with payment provided for in Debtors' budget. There are no pre-petition arrears.

   b. Creditor, **VANTAGE WEST CREDIT UNION**, secured by a 2009 Nissan Murano, is to be paid **$7,171.51** through the Trustee, with interest at **5%**. Any unpaid balance is to be classified and paid as a general unsecured claim. In order to provide for adequate protection payments, this Creditor shall receive monthly installments of **$200.00** accruing from the first month of the Plan. Said monthly installments shall increase pro - rata with other secured claims.

   c. Creditor, **SHEFFIELD FINANCIAL**, secured by a 6' Pace Trailer, is to be paid **$544.22** as secured, through the Trustee, with interest at **5%**. Any unpaid balance is to be classified and paid as a general unsecured claim. In order to provide for adequate protection payments, this Creditor shall receive monthly installments of **$25.00** accruing from the first month of the Plan. Said monthly installments shall increase pro - rata with other secured claims.

   d. Creditor, **UNITED CONSUMER FINANCIAL SERVICES,** secured by a Kirby Cleaning System, is to be paid **$750.00** as secured, through the trustee, with interest at **3.5%**. Any unpaid balance is to be classified and paid as a general unsecured claim.

2

e. **PIMA COUNTY'S** outstanding claim, secured by real property located at 2717 E. La Cienega Dr., Tucson, AZ 85716-1543, (Parcel #112041740 2), shall be paid either through Debtors' mortgage company's escrow account or directly by Debtors. These taxes will not be paid through the Plan. If these taxes are not paid as they become due, then this Plan hereby will be amended/modified to include the amount of delinquent taxes at the statutory rate of 16% per annum. **The 2010 property taxes have been paid (claim no. 7). The first half of 2011 tax debt has been paid and the second half of the 2011 tax debt is not due until March 1, 2012 (claim no. 8).** Pima County retains its lien. Debtors agree that the real property valuations contained in the Plan and in Debtors' Schedules will not affect Pima County's tax assessments in any way, nor do they constitute an appeal of the assessed valuation.

10. General unsecured claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. §1328(a).

11. Tax claims to be paid as follows:

    a. Paid as secured claims:

    | Creditor | Year & Type | Amount |
    |---|---|---|
    | **None** | | |

    b. Paid as priority claims:

    | Creditor | Year & Type | Amount |
    |---|---|---|
    | **None** | | |

12. Administrative claims:

    a. All administrative costs and attorney fee balance of **$1,824.00** will be paid under the Plan. Exhibit A is incorporated herein by reference. *PKM*

    b. The Trustee's fees will be determined by the prevailing percentage rate as set by 28 U.S.C. § 586(e)(1)(B) and (e)(2), at the time of confirmation, but shall not exceed a maximum of 10% of payments made by Debtor.

3

Accordingly,

IT IS ORDERED THAT:

1. The Debtors' Plan be and it is hereby confirmed.

2. Debtors shall pay **$416.00 per month for months 1 through 37** to the Trustee, on or before the 3rd, day of the month, commencing **April 3, 2011**. The Plan shall continue for **37 months** from the date of the first payment.

3. In no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the trustee, unless all allowed claims are paid in full.

4. Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

**DATED AND SIGNED ABOVE.**

Approved as to form by:

_____ 5/25/12
Dianne C. Kerns, Trustee

/s/ Linda S. Tucker
Attorney for Pima County

/s/ Ross Meiners
Ross Meiners
Attorney for Debtor

/s/ Jill Sturgeon
Jill Sturgeon,
BASS & ASSOCIATES
Attorney for United Consumer Financial Services

4

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

(1) Administrative Expenses:.................................................. $ 1,824.00
(2) Priority Claims.................................................................. $     0.00
(3) Payments on Leases or to Cure Defaults, Including Interest ..................... $     0.00
(4) Payments on Secured Claims, Including Interest................................. $ 9,133.82
    a. Vantage West.......... $ 7,753.35
    b. Sheffield................. $   588.30
    c. United Consumer..... $   792.17
(5) Payments on Unsecured, Nonpriority Claims. ................................. $ 2,894.98
(6) SUBTOTAL                                                                      $13,852.80
(7) Trustee's Compensation (10% of Debtor's Payments)............................ $ 1,539.20
(8) Total Plan Payments........................................................ $15,392.00

**Section 1325 analysis.**

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property. ..................... $ 3,764.00
    (b) Plus: Value of property recoverable under avoiding powers................ $     0.00
    (c) Less: Estimated Chapter 7 administrative expenses                 $   941.00
    (d) Less: Amount payable to unsecured, priority creditors.................... $     0.00
    (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims
        if debtor filed Chapter 7. ........................................... $ 2,823.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a) Amount from Line 59, Form B22C, Statement of Current Monthly Income. . . $     0.00
    (b) Applicable Commitment Period. .......................................... x 60
    (c) Section 1325(b) amount ((b)(1) amount times 60)....................... $     0.00

(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan. ............... $ 2,894.98

5

Case 4:11-bk-05365-EWH    Doc 39    Filed 05/30/12    Entered 05/31/12 10:01:10    Desc
Main Document - Chapter 13 Plan and Application for Payment of Administrative Ex    Page 5 of 6

Debtor Name(s): Kevin & Anna Nichols

Case No: 4-11-bk-5365-EWH

Exhibit A

Clarification/Amendment to Attorney's Fees
Incorporated by reference in proposed Stipulated Order on Confirmation

(1) Flat Fee. Counsel for the Debtor has agreed to total sum of $ 4,000.00   to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

- [✓] All of the below, except Additional Services.
- [✓] Review of financial documents and information.
- [✓] Consultation, planning, and advice, including office visits and telephone communications.
- [✓] Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- [✓] Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- [✓] Attendance at the § 341 meeting of creditors.
- [✓] Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- [✓] Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- [✓] Responding to motions to dismiss, and attendance at hearings.
- [✓] Responding to motions for relief from the automatic stay, and attendance at hearings.
- [✓] Drafting and mailing of any necessary correspondence.
- [✓] Preparation of proposed order confirming the plan.
- [ ] Representation in any adversary proceedings.
- [✓] Representation regarding the pre-filing credit briefing and post-filing education course.

_____ 5/25/12
Dianne Crandell Kerns, Trustee

_____
Attorney for Debtor(s)